FILED
2014 Jan-09 PM 03:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| PRINCE LEON KNIGHT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     7:11-cv-8015-LSC-PWG |
| | )     (7:08-cr-0415-LSC-PWG) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

The magistrate judge filed a findings and recommendation on November 7, 2013 (Doc. # 13), recommending that the motion to vacate, set aside, or correct sentence ("Motion") filed by movant, Prince Leon Knight ("Movant"), pursuant to 28 U.S.C. § 2255, be denied and dismissed with prejudice. After neither party objected, on December 3, 2013, the Court entered: (1) a memorandum opinion adopting the magistrate judge's findings and accepting the recommendation; and (2) a final judgment denying and dismissing the Motion with prejudice. (Docs. ## 14-15). On December 13, 2013, Movant filed a Motion to Reconsider (Doc. # 16), averring that he never received the report and recommendation and asking the Court to vacate the Final Judgment and allow him an opportunity to object to the report and recommendation. The court granted the motion (Doc. # 17) and, on January 2, 2014, Movant filed a pleading styled as "Objection to Magistrate's Report and Recommendation" (Doc. # 19). The Court will treat such filing as a motion, or, in the alternative, as objections to the magistrate judge's report and recommendation. On the same day, Movant filed a pleading styled as "Motion for Leave to Expand the Record Pursuant to Rule 7(b) of Rules Governing Section 2255 Proceedings." (Doc. # 20). Each filing will be addressed in turn.

Generally, Movant objects "to all findings and the recommendation." (Doc. # 19 at 5). Specifically, Movant reasserts his contention that he received ineffective assistance of trial and appellate counsel. Movant contends that trial counsel was ineffective for: (1) failing to challenge the affidavit in support of his arrest warrant; (2) failing to interview or cross examine a witness whose statements were used to obtain the warrant; and (3) failing to move for suppression of evidence that Movant claims was obtained via an illegal search. (*Id.* at 4). Movant also reasserts his contention that appellate counsel was ineffective for ignoring Movant's correspondence and for not appealing on certain grounds. (*Id.* at 4-5). The report and recommendation addressed all of these contentions, and Movant's objections add nothing new to the arguments he previously asserted. Accordingly, these objections are due to be OVERRULED.

The only objection that was not specifically addressed by the report and recommendation is Movant's contention that, because trial counsel informed Movant that he had "never handled a case like this," he was incompetent by definition. (Doc. # 19). This conclusory argument lacks any legal support. *See U.S. v. Cronic*, 466 U.S. 648, 665 (1984) ("The character of a particular lawyer's experience may shed light in an evaluation of his actual performance, but it does not justify a presumption of ineffectiveness in the absence of such an evaluation."). Accordingly, this objection is due to be OVERRULED.

In his Motion to Expand the Record, Movant seeks to add an affidavit[1] in support of his objections, pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings. (Doc. # 20). Rule 7(a)

---

[1] Interestingly, Movant has signed his objections, the motion to expand the record, and the attached affidavit "without prejudice." (Doc. # 19 at 5; Doc. # 20 at 1, 6). It is unclear what significance, if any, Movant attaches to this designation. Regardless, the Court will treat these filings as what they are: signed motions and a sworn affidavit. To the extent that Movant may believe that signing an affidavit "without prejudice" will immunize him from a charge of perjury, he is mistaken. Likewise, signing pleadings "without prejudice" will not protect Movant from any sanctions available under Rule 11 FED. R. CIV. P.

provides that, where "a motion is not dismissed, the judge may direct the parties to expand the record." Here, expansion of the record is not required; even if it were, the substance of Movant's proposed affidavit would not alter the ultimate result. Accordingly, the Motion to Expand the Record (Doc. # 20) is hereby DENIED.

Having carefully reviewed and considered *de novo* all the materials in the court file, the Court is of the opinion that the magistrate judge's findings are due to be and are hereby ADOPTED and his recommendation is ACCEPTED. To the extent that Petitioner's filing of January 2, 2014 (Doc. # 19), is construed as interposing objections to the report and recommendation, such objections are due to be and hereby are OVERRULED. To the extent that Petitioner's filing (Doc. # 19), is construed as a motion, it is due to be and hereby is DENIED. Accordingly, the petition for writ of habeas corpus is due to be DENIED and DISMISSED WITH PREJUDICE. A Final Judgment will be entered.

As to the foregoing it is SO ORDERED this the 9th day of January, 2014.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
174256